# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY D. SREBRO | : |
| Plaintiff, | : |
| v. | : 3:17-CV-2298 |
| | : (JUDGE MARIANI) |
| THE SOCIAL SECURITY ADMINSITRATION | : |
| Defendant. | : |

## ORDER

The background of this Order is as follows:

The above-captioned appeal pursuant to 42 U.S.C. § 405(g) of a decision by the Commissioner of the Social Security Administration was filed by Plaintiff, Jeremy Srebro, on December 14, 2017 (Doc. 1). At that time, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Thereafter, despite the Court's issuance of a Standing Practice Order informing Plaintiff how to proceed with his action (Doc. 3), multiple filings by the Defendant (*see* Docs. 7, 9, 10, 11), and a subsequent Court Order directing Plaintiff to file a brief in support of his claim and warning him that failure to file a supporting brief may result in dismissal of the action for failure to prosecute (Doc. 12), the record reflects that Plaintiff has not filed any documents since his initial filings in December of 2017 or otherwise responded to the Court's direction or orders. As a result, on April 9, 2019, Magistrate Judge Arbuckle issued a Report and Recommendation ("R&R") recommending that Plaintiff's

appeal "be dismissed for failure to prosecute and to abide by a court order" (Doc. 13). No party has filed objections to this report.[1]

Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (recognizing that a district court may *sua sponte* dismiss an action for failure to prosecute); *Iseley v. Bitner*, 216 F.App'x 252, 254-255 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). Nonetheless, prior to dismissing an action for failure to prosecute, a Court generally must weigh the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Company*. Specifically,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Instead, the "factors should be weighed by the district courts in

---

[1] The record reflects that the R&R sent to Plaintiff was returned as undelivered to the Court on April 15, 2019. Mr. Srebro's failure to update his address in this action provides a further basis for this Court's determination that he has abandoned his case.

2

order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870.

Here, the Court finds that the *Poulis* factors heavily weigh in favor of dismissal of this action. As previously noted, Plaintiff has not filed any documents on the record since 2017. Plaintiff has disregarded the Court's Standing Practice Order as well as the Court's subsequent Order which *sua sponte* provided him additional time to file his supporting brief and warned him that a failure to file the brief may result in dismissal of his case. This lack of action by Plaintiff demonstrates a history of dilatoriness beginning immediately after the commencement of this case. These delays are also highly prejudicial to the Defendant, in that Plaintiff's failure to respond, or otherwise file anything on the docket, has caused this case to languish for over a year without the ability to move the case any closer to completion. Furthermore, the Court can only conclude that this conduct was "willful," in that it was consistent, has lasted for an extended period of time, and no effort has been made by Plaintiff to explain why he has failed to comply with the Court's Orders or to take any action to advance this case. In addition, because the Court will dismiss this action without prejudice, and since Plaintiff is proceeding *in forma pauperis*, alternative sanctions, such as monetary sanctions, would not be effective in this case. Finally, the Court finds that the sixth *Poulis* factor, meritoriousness of the claim, is neutral in light of Plaintiff having not provided this Court with a brief, and the accompanying statement of the case, statement of errors, argument, and conclusion, required to be set forth therein.

ACCORDINGLY, THIS \_\_\_6th\_\_\_ DAY OF MAY, 2019, upon review of Magistrate Judge Arbuckle's Report & Recommendation (Doc. 13) for clear error or manifest injustice, and for the reasons set forth therein as well as in this Order, **IT IS HEREBY ORDERED THAT** the R&R (Doc. 13) is **ADOPTED**.

Robert D. Mariani
United States District Judge

4